IRWIN K. GIRDEN v. ANDREW THOMPSON AND ERIE RAILROAD COMPANY.

Decided March 3, 1927.

**Negligence—Bailment—Loss of Suitcase of a Passenger of a Parlor Car, Which Had Been Carried Off the Car by Porter —Defendant Alleged There Had Been No Negligence—Held, That Defendant was Bailee, Required to Use Special Care.**

On appeal from the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the appellants, *Edward A. Markley* and *Charles W. Broadhurst*.

For the respondent, *John N. Plaloff*.

PER CURIAM.

The plaintiff was a passenger traveling on a train of the Erie Railroad Company from Port Jarvis to Jersey City, riding in a parlor car attached to that train. When he reached his destination he surrendered possession of his suitcase to the defendant Thompson, who was a porter on the parlor car. The latter carried it out to the platform, together with baggage belonging to other passengers. When the plaintiff alighted he discovered that his suitcase had disappeared, and a search made for it by the porter was unavailing. The present suit was instituted to recover the value of the suitcase and its contents. The plaintiff had a verdict against both the railroad company and the porter, and the defendants have appealed from the judgment entered upon it.

The only ground upon which we are asked to reverse this judgment is that there was no evidence of negligence on the part of the defendant Thompson which was the proximate cause of the plaintiff's loss, and that, consequently, a verdict should have been directed both in his favor and in favor of his employer, the railroad company, as requested by their counsel. We think the motion was properly denied. The company was a bailee, performing a service incidental to the carriage of the plaintiff as a passenger. The law required it, as such bailee, to exercise some degree of care for the protection of the plaintiff's suitcase while in the possession of its agent to prevent it from becoming lost or stolen. Whether it discharged this duty or not depended upon the proofs submitted, and presented a question of fact for the determination of a jury, rather than one of law, to be settled by the court.

The judgment under review will be affirmed.